IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DOMINIQUE LANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 110-018 |
| ) | |
| CLAY TATUM, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dominique Lane, an inmate presently confined at Calhoun State Prison in Morgan, Georgia, brings the above-captioned petition for a writ of habeas corpus against Respondent pursuant to 28 U.S.C. § 2254. The matter is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2] For the reasons set

---

[1] The Warden at Calhoun State Prison is Clay Tatum, the **CLERK** is **DIRECTED** to change the docket accordingly.

[2] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT**, that this case filed pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

## I. BACKGROUND

According to Petitioner, on November 5, 2008, a jury in the Superior Court of Jefferson County found him guilty of two counts of armed robbery, one count of criminal attempt to commit an armed robbery, six counts of aggravated assault, and one count of attempted murder. (Doc. no. 1). Petitioner was sentenced to a term of fifteen years of incarceration. (Id.). Petitioner reports pursuing a direct appeal in the Superior Court of Jefferson County, notes it was denied, but provides that he does not know the date it was denied. (Id.). Petitioner also attached a letter from his attorney, in his underlying criminal case, dated November 4, 2009, which provides that the attorney filed an appeal for Petitioner with the Georgia Court of Appeals, but as of that date, the transcript had not yet been sent to the Court of Appeals. (Id. at 8).

The Court notes that this is Petitioner's second habeas petition filed in this Court; his first was dismissed on December 4, 2009, for his failure to exhaust. See Lane v. Tatum, Civil Case No. 109-118, doc. no. 9 (S.D. Ga. Dec. 4, 2009) (hereinafter "CV 109-118"). Indeed, in the current petition's chronology, Petitioner acknowledges that he previously filed a "wrong type of habeas." Confusingly, however, Petitioner has again submitted his habeas petition on a form to be filed in the Superior Court of Jefferson County, but it does not appear that Petitioner has done anything to remedy the exhaustion problem previously noted

2

in CV 109-118. Nevertheless, as Petitioner sent his petition to the federal court, and giving liberal construction, the Court will presume Petitioner intended to file for federal habeas corpus relief. As grounds for his current federal habeas corpus relief, Petitioner asserts one claim of ineffective assistance of counsel, one claim that his confession was coerced, and one claim of insufficient evidence to convict (he claims he could not be placed at the scene of the crime by the victim). (Id. at 5).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

3

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[3] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers

---

[3] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

4

discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[4]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying

---

[4] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

5

Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.

In the case at bar, the Court is aware that Petitioner states that he filed a direct appeal of his conviction/sentence, but he claims to have filed his appeal in the Superior Court of Jefferson County. Notably, however, he also attached a letter from his attorney in his underlying criminal case that provides that a direct appeal has been filed with the Georgia Court of Appeals, but that as of November 2009, the Court of Appeals was still waiting on the transcript. As such, it appears that Petitioner's direct appeal is still pending. Thus, Petitioner has not alleged the requisite exhaustion of his available state remedies. See 28 U.S.C. § 2254(c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Petitioner has failed to allege that he exhausted his available state remedies, the instant federal habeas corpus petition should be **DISMISSED** without prejudice.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* (doc. no. 3) be deemed

**MOOT**, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of April, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE